UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE WILSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>VELMA HAMPSON, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:22-cv-00897-BAK (EPG) (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

　　　　Plaintiff David Wayne Wilson is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On July 20, 2022, Plaintiff filed an Application to Proceed *In Forma Pauperis* by a Prisoner. (Doc. 2.)

　　　　Because Plaintiff has accrued three or more "strikes" under section 28 U.S.C. § 1915 and fails to show that he is under imminent danger of serious physical injury, the Court will recommend that his motion be denied.

//

//

//

//

## I. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915

28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II. DISCUSSION

The Court takes judicial notice[1] of four of Plaintiff's prior lawsuits that were dismissed as frivolous or for a failure to state a claim upon which relief may be granted: (1) *Wilson v. Tilton*, Case No. 2:06-cv-01031-LKK-PAN (E.D. Cal.) (dismissed September 12, 2006, for failure to state a claim); (2) *Wilson v. Schwartz*, Case No. 2:05-cv-01649-GEB-CMK (E.D. Cal.) (dismissed October 31, 2006, for failure to state a claim); (3) *Wilson v. Dovey*, Case No. 2:06-cv-01032-FD-EFB (E.D. Cal.) (dismissed March 8, 2007, for failure to state a claim); and (4) *Wilson v. Veal*, Case No. 2:06-cv-00067-FCD-KJM (E.D. Cal.) (dismissed June 4, 2007, for failure to state a claim). Each of these actions was dismissed prior to the commencement of the current action on July 20, 2022. Plaintiff is therefore subject to the section 1915(g) bar, and he is precluded from proceeding *in forma pauperis* in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

The Court has reviewed the complaint in this action and finds that Plaintiff's allegations do not meet the imminent danger exception. Plaintiff generally alleges the named defendants have denied him court access by employing procedures that obstruct his ability to file legal documents. Plaintiff complains about the five days within which law library staff have to complete a photocopy request, page limitations, and related legal mail delays. He also appears to be challenging the inmate grievance process and how those grievances are processed. (*See* Doc. 1.)

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Plaintiff's allegations concerning the denial of court access do not involve imminent danger of *serious physical injury*. *Bradford v. Ceballos*, No. 1-20-cv-01821-SAB (PC), 2021 WL 53167, at *2 (E.D. Cal. Jan. 6, 2021) ("Plaintiff's general assertion that the alleged improper processing of his appeal caused him harm fails to demonstrate that plaintiff was 'under imminent danger of serious physical injury' when he filed the instant complaint"); *Simmons v. Kishbaugh*, No. 2:19-cv-1650-TLN-EFB P, 2020 WL 1853038, at *1 (E.D. Cal. Apr. 13, 2020) ("plaintiff alleges an access to courts claim … which fails to demonstrate that plaintiff was under imminent danger of serious physical injury when he filed this action"); *Thomas v. Parks*, No. 1:16-cv-01393-LJO-JLT (PC) 2018 WL 4373021, at *2 (E.D. Cal. Sept. 13, 2018) ("Plaintiff's allegations in this action are based largely on difficulties with obtaining copies of legal documents he prepared for other inmates and his access to the law library as well as acts of harassment and retaliation … access to the courts, even if based on unconstitutional retaliatory motive, does not equate to imminent danger of serious physical injury"); *Prophet v. Clark*, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(b) exception for case4s of "imminent danger of serious physical injury"). Plaintiff is therefore precluded from proceeding *in forma pauperis* in this action.

**III.   ORDER AND RECOMMENDATIONS**

For the reasons set forth above, the Court DIRECTS the Clerk of the Court to assign a district judge to this action and RECOMMENDS that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED; and,
2. Plaintiff be ordered to pay the $402.00 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). Within **14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in

waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 28, 2022**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE