1
2
3
4
5
6
7
8         **UNITED STATES DISTRICT COURT**
9         **EASTERN DISTRICT OF CALIFORNIA**
10
11   DAVID WAYNE WILSON,                    | Case No.: 1:22-cv-0897 JLT BAK (EPG) (PC)
12              Plaintiff,                  | ORDER ADOPTING FINDINGS AND
                                            | RECOMMENDATIONS IN FULL
13       v.                                 | ORDER DENYING PLAINTIFF'S
14   VELMA HAMPSON, et al.,                 | APPLICATIONS TO PROCEED IN FORMA
                                            | PAUPERIS AND DIRECTING PAYMENT OF
15              Defendants.                 | THE FILING FEE
16                                          | (Docs. 2, 10, 11)

17       David Wayne Wilson asserts he suffered violations of his civil rights while incarcerated

18   and seeks to proceed *in forma pauperis* in this action.  (Docs. 2, 11.)  This matter was referred to

19   a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20   **I.       The Magistrate Judge's Findings and Recommendations**

21       On July 28, 2022, the assigned magistrate judge reviewed Plaintiff's motion to proceed

22   IFP and found he had at least three cases dismissed that qualified as a strike prior to filing his

23   complaint.  (Doc. 10 at 2-3.)  Specifically, the magistrate judge took juridical notice of the

24   following cases and the grounds for dismissal:

25       Four of Plaintiff's prior lawsuits that were dismissed as frivolous or for a failure
         to state a claim upon which relief may be granted: (1) *Wilson v. Tilton*, Case No.
26       2:06-cv-01031-LKK-PAN (E.D. Cal.) (dismissed September 12, 2006, for
         failure to state a claim); (2) *Wilson v. Schwartz*, Case No. 2:05-cv-01649-GEB-
27       CMK (E.D. Cal.) (dismissed October 31, 2006, for failure to state a claim); (3)
         *Wilson v. Dovey*, Case No. 2:06-cv- 01032-FD-EFB (E.D. Cal.) (dismissed
28       March 8, 2007, for failure to state a claim); and (4) *Wilson v. Veal*, Case No.

1
2
2:06-cv-00067-FCD-KJM (E.D. Cal.) (dismissed June 4, 2007, for failure to state a claim). Each of these actions was dismissed prior to the commencement of the current action on July 20, 2022.

3   (Doc. 10 at 2.)  Consequently, the magistrate judge found Plaintiff is subject to the three strikes

4   bar under 28 U.S.C. § 1915(g).  (*Id.*)  The magistrate judge also found the allegations in

5   Plaintiff's complaint do not satisfy the "imminent danger of serious physical injury" exception to

6   Section 1915(g), even when liberally construing Plaintiff's complaint.  (*Id.* at 2-3.)  Therefore, the

7   magistrate judge recommended Plaintiff's motion to proceed IFP be denied.  (*Id.* at 4.)

8   **II.      Plaintiff's Objections**

9          Plaintiff objected to the Findings and Recommendations on August 17, 2022, and

10   reviewed the cases identified by the magistrate judge.  (Doc. 13 at 1-2.)  He notes that *Wilson v.*

11   *Tilton* was "dismissed without prejudice."  (*Id.* at 1, emphasis omitted.)  In addition, he contends

12   *Wilson v. Schwartz* settled and should not count as a strike because it concerned a medical

13   chrono, and Plaintiff received orthopedic boots, cotton blankets, and a vitamin chrono.  (*Id.* at 2.)

14   Although Plaintiff summarized his claims in *Wilson v. Dovey* and *Wilson v. Veal*, he does not

15   dispute the dismissal of the cases.  (*Id.*)  Furthermore, Plaintiff contends that even if he has three

16   strikes, he meets satisfies the requirements for the "imminent danger" exception of Section

17   1915(g).  (*Id.* at 2-6.)

18   **III.     Discussion and Analysis[1]**

19          A district judge may "accept, reject or modify, in whole or in part, the findings and

20   recommendations..." 28 U.S.C. § 636(b)(1).  If objections to the findings and recommendations

21   are filed, "the court shall make a de novo determination of those portions of the report or

22   specified proposed finding or recommendations to which objection is made.  *Id.* A de novo

23   review requires the court to "consider[] the matter anew, as if no decision had been rendered."

24   *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

25

26
27
28
[1] The records of court proceedings cannot reasonably be questioned, and judicial notice may be taken of the Court's record and docket. *Mullis v. United States Bank. Ct*., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp*., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981).  The Court again takes judicial notice of its records in the following cases: (1) *Wilson v. Tilton*, Case No. 2:06-cv-01031-LKK-PAN; (2) *Wilson v. Schwartz*, Case No. 2:05-cv-01649-GEB-CMK; (3) *Wilson v. Dovey*, Case No. 2:06-cv- 01032-FD-EFB; and (4) Wilson v. Veal, Case No. 2:06-cv-00067-FCD-KJM .

1

**A.     Plaintiff's strikes**

2        A dismissal without prejudice may count as a strike under Section 1915(g).  *Lomax v.*

3   *Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) ("The text of Section 1915(g)'s three-strike

4   provision refers to any dismissal for failure to state a claim, whether with prejudice or without");

5   *see also O'Neal v. Price,* 531 F.3d 1146, 1153-54 (9th Cir. 2008) (also stating that a dismissal

6   without prejudice may count as a strike).  In *Wilson v. Tilton*, the assigned magistrate judge

7   determined Plaintiff failed to state a claim and recommended dismissal, and the findings were

8   adopted.  (*See* Case No. 2:06-cv-01031-LKK-PAN, Doc. 5 at 4 [finding "this action should be

9   dismissed for failure to state a claim upon which relief may be granted"], Doc. 8 at 1-2 [adopting

10  the recommendation that the matter be dismissed without prejudice].)  Thus, the dismissal of

11  *Wilson v. Tilton* qualifies as a strike under Section 1915(g). *See Lomax*, 140 S. Ct. at 1723 (2020).

12       In addition, Plaintiff's assertion that *Wilson v. Schwartz*, Case No. 2:05-cv-01649-GEB-

13  CMK, should not count as a strike because it settled is not supported by the Court's records.  The

14  assigned magistrate judge found Plaintiff failed to state a claim and leave to amend should not be

15  granted.  (Case No. 2:05-cv-01649-GEB-CMK, Doc. 24 at 4-5.)  The magistrate judge

16  recommended the "action be dismissed for failure to state a claim."  (*Id.* at 5.)  These

17  recommendations were adopted—despite Plaintiff's objections—and the action was dismissed.

18  (Case No. 2:05-cv-01649-GEB-CMK, Doc. 25 and Doc. 26 at 1-2.)  Thus, the dismissal qualifies

19  as a strike under Section 1915(g).

20       Furthermore, the magistrate judge properly determined that the dismissals for failure to

21  state a claim in *Wilson v. Dovey*, Case No. 2:06-cv- 01032-FD-EFB (E.D. Cal.) and *Wilson v.*

22  *Veal*, Case No. 2:06-cv-00067-FCD-KJM (E.D. Cal.) qualified as strikes.  Accordingly,

23  Plaintiff's objections to the findings that he had at least three strikes under Section 1915(g) are

24  overruled.

25       **B.     Imminent danger exception**

26       Under Section 1915(g), the imminent danger exception requires a showing that the

27  prisoner "is under imminent danger of serious *physical* injury."  28 U.S.C. § 1915(g) (emphasis

28  added); *see also Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022) ("in order to qualify for the §

1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court"). As the magistrate judge determined, there is no explanation as to how the alleged denial of court access places Plaintiff in imminent risk of *physical* injury, as required under Section 1915(g).  *See, e.g., Prophet v. Clark,* 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding a prisoner's claims concerning access to the courts, interference with legal mail, and retaliation were insufficient to satisfy § 1915(g) exception in cases of "imminent danger of serious physical injury"); *McCall v. McGrew,* 2012 WL 5456401, at *2 (C.D. Cal. Nov. 5, 2012) ("Denial of access to the courts is not a sufficient claim to allege that plaintiff was in imminent danger of serious physical injury at the time he filed the Complaint").  Because Plaintiff has not identified an imminent risk of physical injury tied to the allegations of his complaint, he fails to show the exception to Section 1915(g) is applicable.

**IV.      Conclusion and Order**

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducted a *de novo* review of this case. Having carefully reviewed the entire matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

Because Plaintiff is subject to the three-strikes provision and failed to show the imminent danger exception of 1915(g) applies, his second motion to proceed *in forma pauperis*—filed the same day as the magistrate judge issued the Findings and Recommendations discussed above (Doc. 11)—is also denied. Accordingly, the Court **ORDERS**:

1.      The Findings and Recommendations issued on July 28, 2022 (Doc. 10) are **ADOPTED** in full.

2.      Plaintiff's motions to proceed in forma pauperis (Docs. 2, 11) are **DENIED**.

3.      Plaintiff **SHALL** pay the $402 filing fee <u>within 30 days</u> of the date of service of this order.

///

///

///

4. **Plaintiff is advised that failure to pay the $402 filing fee as ordered will result in the dismissal of this action**.

IT IS SO ORDERED.

Dated: **August 22, 2022**

UNITED STATES DISTRICT JUDGE